In re Hugo L. FERNANDEZ and Maritza J. Fernandez, Debtors.

GRANDVIEW BANK AND TRUST CO., Plaintiff,

v.

Hugo L. FERNANDEZ and Maritza J. Fernandez, Defendants.

Bankruptcy No. 90–20048–7. Adv. No. 90–6051.

United States Bankruptcy Court, D. Kansas.

Sept. 30, 1991.

Scott I. Asner, Olathe, Kan., for debtors defendants.

Steven R. Rebein, Kansas City, Kan., Trustee.

Ronald L. Kraft, Rebecca L. Campbell, Kansas City, Mo., for plaintiff.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the October 31, 1990 trial on Grandview Bank and Trust Company's Complaint to Determine Dischargeability of a Debt. Grandview Bank and Trust Company (hereinafter "plaintiff") appeared by and through its attorney, Ronald L. Kraft. The debtors, Hugo L. Fernandez and Maritza J. Fernandez (hereinafter "debtors",) appeared by and through their attorney, Scott I. Asner. There were no other appearances.

## FINDINGS OF FACT

Based upon the pleadings, testimony of witnesses and the record, this Court finds as follows:

1. That on November 21, 1986, debtors borrowed the sum of $62,000 from plaintiff, giving to plaintiff the debtors' promissory note in said amount secured by a mortgage on property located at 9523 Noland Road, Lenexa, Kansas.

2. That the above-mentioned promissory note matured on November 21, 1988. As a condition to renewal of the note, plaintiff required debtors to purchase a $20,000 certificate of deposit from plaintiff and pledge the same as additional collateral for the loan.

3. That debtors purchased a $20,000 certificate of deposit from plaintiff and the certificate of deposit was held in plaintiff's possession. The certificate of deposit matured on December 21, 1989.

4. That on December 23, 1989, Mrs. Fernandez, along with her daughter, went to plaintiff bank and received a cashier's check in the amount of $21,649.98, representing the principal and interest on the certificate of deposit.

5. That debtors endorsed the cashier's check and used the proceeds therefrom for their own benefit.

6. That on April 24, 1990, plaintiff filed its Complaint to Determine Dischargeability of a debt under § 523 and § 727 of the Bankruptcy Code.

7. That the Court's Order of November 15, 1990, dismissed plaintiff's claims to the extent that they were based on § 523(d), § 523(a)(4), § 727(c)(2), § 727(a)(4), § 727(a)(2)(A), or otherwise based on § 727. The Court reserved ruling with respect to the issues raised in plaintiff's Complaint under § 523(a)(2)(A).

8. That trial was held on October 31, 1990, pursuant to plaintiff's Complaint to Determine Dischargeability under 11 U.S.C. § 523(a)(2)(A). After hearing arguments of counsel and testimony of witnesses, and examining the exhibits herein, this Court took the matter under advisement upon the simultaneous filing of memorandum briefs by the parties, which briefs have now been filed.

## CONCLUSIONS OF LAW

The only issue remaining is whether the debt owed to plaintiff is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Plaintiff asserts that the debtors committed fraud in

**58**

connection with cashing the certificate of deposit which was being held by plaintiff as security for extension of debtor's loan from plaintiff. Therefore, plaintiff argues that the debtors are not entitled to be discharged from the debt to plaintiff in the amount of $21,649.98 pursuant to § 523(a)(2)(A).

However, the Court finds that plaintiff's objection does not fall within the realm of § 523(a)(2)(A). Section 523(a)(2)(A) excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." "In order for a debt to be excepted from discharge under section 523(a)(2)(A), the loans must have been *'obtained by'* fraud in the inception." *In re Maranzino*, 67 B.R. 394, 397 (Bankr. D.Kan.1986) (citing *In re Cokkinias*, 28 B.R. 304 (Bankr.D.Mass.1983); 3 Collier on Bankruptcy (15th ed.) ¶ 523.08, pgs. 46, 47).

In *In re Maranzino*, this Court held that the debtor's disposal of secured automobiles without the permission of the secured creditor and without applying the proceeds to the outstanding loans did not render the loan nondischargeable pursuant to § 523(a)(2)(A). *Id.* This Court held that the fraud, if any, occurred some time after the initial loan when the defendant disposed of the automobiles. *Id.*

In the present case, plaintiff required the debtors to purchase the certificate of deposit and pledge it as security for the original loan as a condition to renewal of the loan. The Court recognizes that although § 523(a)(2)(A) applies to extensions or renewals of credit, the section only applies when the extensions or renewals are *obtained by* false pretenses, a false representation, or actual fraud. In this case, the fraud, if any, occurred some time after the loan was extended when the debtors cashed the collateral that was securing the loan.

Plaintiff alleges that the debtors committed fraudulent acts or made false representations in connection with cashing the certificate of deposit, but offer no evidence that the original loan or the extension was obtained by fraud. Plaintiff has not met its burden of showing that the debtors received their loan or extension as a result of any deceitful or fraudulent action on their part. As such, this Court finds that the debt owed to plaintiff is dischargeable.

IT IS THEREFORE, BY THE COURT, ORDERED That plaintiff's loan to the debtors be and the same is hereby declared dischargeable.

IT IS FURTHER, BY THE COURT, ORDERED That plaintiff's Complaint to Determine Dischargeability under 11 U.S.C. § 523(a)(2)(A) be and the same is hereby DENIED.

This Memorandum shall constitute my findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.